# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30165
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2024

Lyle W. Cayce
Clerk

Henry Hickson,

*Plaintiff—Appellant*,

*versus*

Terrance Haulcy; Danny Henshaw; Captain Jones;
Captain Solomon; Nurse Menere; Nurse Adams; John
Does, 1-2,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-378

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Henry Hickson, Louisiana prisoner # 369635, filed a pro se civil rights complaint in district court against various prison employees alleging that he was subjected to excessive force in violation of the Eighth Amendment and that the defendants exhibited deliberate indifference by failing to help him in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the aftermath of the excessive-force incident. The district court granted the defendants' motion for summary judgment and dismissed Hickson's complaint with prejudice for failure to exhaust after determining that Hickson had withdrawn his administrative grievance. On appeal, Hickson contends that he did not voluntarily withdraw his administrative grievance because he wrote "without prejudice UCC 1-207" next to his signature on the withdrawal form. He also indicates that he withdrew his grievance because one of the defendants repeatedly asked him to do so.

We review the district court's grant of summary judgment "*de novo*, applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted). In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Conclusional assertions by the nonmoving party are insufficient to defeat summary judgment. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Hickson's arguments are unavailing. He does not provide any legal authority supporting his assertion that his "without prejudice UCC 1-207" notation nullified his withdrawal. He has also failed to allege any facts showing that any of the defendants used intimidation to thwart him from using the grievance process such that the process was no longer available to him. *See Ross v. Blake*, 578 U.S. 632, 644 (2016). Hickson has not challenged any other basis for the district court's determination that he did not meet the exhaustion requirement. Accordingly, the district court did not err by granting summary judgment for the defendants on this basis.

AFFIRMED.